Thomas WARZEKA, Petitioner,

v.

Gregory Van Ry BROOK, Mendota Mental Health Institution, Respondent.

No. 06–C–0277–C.

United States District Court, W.D. Wisconsin.

May 31, 2006.

Gregory M. Weber, Assistant Attorney General, Madison, WI, for Respondent.

## ORDER

CRABB, District Judge.

Thomas Warzeka, a patient at the Mendota Mental Health Institution in Madison, Wisconsin, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

According to the petition, Warzeka is serving a term of probation after having been convicted on June 30, 2004 in the Circuit Court for Dane County for battery to a peace officer. Petitioner contends that his probationary term violates the United States Constitution because he was denied his right to counsel on his direct appeal of his conviction. More specifically, he contends that his attorney, Stan Johnson, told him that he would appeal his conviction but never did.

Documents attached to the petition show that petitioner presented this claim to the Wisconsin Court of Appeals in a motion to extend the time for filing a postconviction motion. In a series of orders, the court of appeals found that: 1) Johnson filed a notice of intent to seek postconviction relief on petitioner's behalf; 2) thereafter, the Office of the State Public Defender appointed attorney Adam Korbitz to represent petitioner in any postconviction proceedings; 3) Korbitz reported that he and petitioner had discussed the case numerous times and petitioner had decided not to pursue postconviction relief; and 4) petitioner's response that Korbitz's report was "false" was insufficient to create a dispute of fact warranting further proceedings. The court denied petitioner's motion on March 16, 2004. Petitioner then filed a motion for reconsideration, asserting that Johnson and not Korbitz was his lawyer on appeal. The court of appeals denied the motion for reconsideration, but directed Korbitz to file for the record a copy of his appointment letter. Korbitz did so, but petitioner still insisted that Johnson and not Korbitz was his appellate lawyer. The court of appeals denied petitioner's motion for reconsideration.

Petitioner then filed a petition for review with the Wisconsin Supreme Court. The court denied the petition as untimely, noting that petitioner had not filed it within 30 days of the appellate court's denial of his motion.

In his habeas petition, petitioner continues to assert that Johnson and not Korbitz was supposed to pursue his appeal, and that Korbitz was appointed to represent him only on some different charges that were "dropped." However, petitioner's assertion is not supported by the documents attached to the petition, in particular the order from the state public defender appointing Korbitz to represent petitioner. Petitioner's claim that the state public defender would have appointed Korbitz to represent petitioner on charges that were dropped makes no sense; if the charges were dropped, there would be nothing to appeal. Moreover, petitioner's claim that Johnson was handling the appeal is refuted by Korbitz's statement to the court of appeals that he discussed petitioner's case

with petitioner numerous times and that petitioner decided not to pursue postconviction relief.

 When reviewing a habeas petition filed by a state prisoner, federal courts must presume that state court findings of fact are correct. 28 U.S.C. § 2254(e)(1). To rebut that presumption, a petitioner must come forth with evidence that is clear and convincing. *Id.* Petitioner's insistence that Johnson and not Korbitz was supposed to pursue his appeal is not enough to overcome the state appellate court's finding from documentary and other evidence that Korbitz was appointed to represent petitioner on appeal. It follows that petitioner has no viable claim that he was denied his right to counsel on appeal. That claim rests entirely on the incorrect premise that Johnson, not Korbitz, was his appellate lawyer.

Because it is plain from the petition and its attachments that petitioner cannot obtain relief on his claim that Johnson abandoned him on appeal, the claim will be dismissed. Petitioner's claim that the mental health institution in which he is presently residing lacks adequate legal materials is a challenge to the conditions of his confinement, not to his underlying conviction, and therefore it is not properly included in a petition for habeas corpus. Habeas relief under § 2254 is the appropriate remedy only when a prisoner attacks the fact or duration of his custody. 28 U.S.C. § 2254(a); *Sylvester v. Hanks,* 140 F.3d 713, 714 (7th Cir.1998).

## ORDER

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, IT IS ORDERED that the petition of Thomas Warzecka is DISMISSED. His claim that he was denied the right to counsel on appeal is DISMISSED WITH PREJUDICE. His claim that the mental health institution in which he is housed lacks adequate legal materials is DISMISSED WITHOUT PREJUDICE.